# STATE OF LOUISIANA

# COURT OF APPEAL, THIRD CIRCUIT

## 16-241
## CONSOLIDATED WITH
## 16-426

**JASON DUNN**

**VERSUS**

**DR. FRANCIS X. ROBICHAUX AND
MID-LOUISIANA ANESTHESIA CONSULTANTS, APMC**

\*\*\*\*\*\*\*\*\*\*\*\*

## APPEAL FROM THE
## NINTH JUDICIAL DISTRICT COURT
## PARISH OF RAPIDES, DOCKET NO. 251,692 "B"
## HONORABLE THOMAS M. YEAGER, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

## JAMES T. GENOVESE
## JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of James T. Genovese, Phyllis M. Keaty, and David Kent Savoie, Judges.

**REVERSED AND REMANDED.**

**Craig S. Watson**
**3909 Plaza Tower Drive**
**Baton Rouge, Louisiana 70816**
**(225) 292-3800**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
        **Jason Dunn**

**David R. Sobel**
**Matthew L. Nowlin**
**Faircloth, Melton & Sobel, LLC**
**105 Yorktown Drive**
**Alexandria, Louisiana 71303**
**(318) 619-7755**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
     **Dr. Francis X. Robichaux and**
     **Mid-Louisiana Anesthesia Consultants, APMC**

**GENOVESE, Judge.**

Before the court in this medical malpractice action are a supervisory writ filed by Plaintiff, Jason Dunn, relative to the trial court's denial of his motion to continue, and his appeal of the trial court judgment granting summary judgment in favor of Defendants, Dr. Francis X. Robichaux and Mid-Louisiana Anesthesia Consultants, APMC (Mid-Louisiana). We have consolidated these matters for review. For the following reasons, we reverse both the trial court's denial of the motion to continue and the grant of summary judgment in favor of Dr. Robichaux and Mid-Louisiana, and we remand the matter for further proceedings.

## FACTS AND PROCEDURAL HISTORY

On April 20, 2012, Mr. Dunn underwent a hemorrhoidectomy at Christus St. Francis Cabrini Surgery Center in Alexandria, Louisiana. Mr. Dunn was administered anesthesia by Dr. Robichaux, an anesthesiologist. Mr. Dunn instituted the present litigation for medical malpractice, naming Dr. Robichaux and Mid-Louisiana as Defendants, alleging that he sustained injury to his left forearm and hand as a result of the anesthesiologist failing to properly position his body during the surgical procedure. Mr. Dunn subsequently underwent surgery for an ulnar nerve injury to his arm, which he contends was caused by his being improperly positioned by Defendants during his hemorrhoid surgery.

Dr. Robichaux and Mid-Louisiana answered the lawsuit, denying Mr. Dunn's allegations. Subsequently, Defendants filed a motion for summary judgment seeking a dismissal of Mr. Dunn's lawsuit, alleging Mr. Dunn is unable to meet his burden of proving a breach of the standard of care.

Mr. Dunn filed a motion to continue the hearing on Defendants' motion for summary judgment, asserting that he needed to depose Dr. Robichaux in order to

oppose the summary judgment. The trial court denied Mr. Dunn's motion to continue, granted the motion for summary judgment in favor of Dr. Robichaux and Mid-Louisiana, and signed a concomitant judgment on February 11, 2016.

Thereafter, Mr. Dunn filed a writ with this court, seeking a review of the trial court's ruling denying his motion to continue wherein he asserted that he should have been given additional time to conduct discovery in order to obtain sufficient information to oppose Defendants' motion for summary judgment. Mr. Dunn also filed an appeal of the trial court's grant of summary judgment which dismissed his claims against these Defendants. In the interest of judicial efficiency, this court granted Mr. Dunn's "writ application for the limited purpose of ordering the consolidation of the writ application with the appeal to be lodged in this court."[1] Thus, presently before this court is the trial court judgment of February 11, 2016, denying Mr. Dunn's motion to continue and the granting of the motion for summary judgment dismissing the claims of Mr. Dunn against Dr. Robichaux and Mid-Louisiana.

## ASSIGNMENTS OF ERROR

Mr. Dunn contends that "[t]he trial court erred by denying Plaintiff's [m]otion for [c]ontinuance and not allowing [P]laintiff 'adequate discovery' as allowed under Code of Civil Procedure [A]rticle 966[(C)](1), in a lawsuit that was less [than] a year old." Secondly, he asserts that "[t]he trial court was manifestly erroneous in granting [D]efendants' motion for summary judgment when there existed genuine issues of material fact."

---

[1] *Dunn v. Robichaux*, 16-241 (La.App. 3 Cir. 4/19/16) (unpublished writ).

2

## LAW AND DISCUSSION

Mr. Dunn contends that the trial court's denial of his motion to continue was an abuse of the trial court's discretion. Specifically, he contends that it deprived him of the opportunity to conduct the necessary discovery to oppose the summary judgment motion filed on behalf of Dr. Robichaux and Mid-Louisiana.

Mr. Dunn's Petition for Damages was filed on December 11, 2014. On September 23, 2015, Dr. Robichaux and Mid-Louisiana filed a motion for summary judgment which was first set for hearing on November 9, 2015. On October 21, 2015, Mr. Dunn filed a motion to continue the November 9, 2015 hearing on Defendants' motion for summary judgment on the grounds that his attorney would be out of the country until November 19, 2015, and, additionally, that he needed more time to conduct additional discovery, including the taking of Dr. Robichaux's deposition. On the same date, Dr. Robichaux and Mid-Louisiana likewise filed a Motion and Order for Continuance and to reset Motion for Hearing, referencing Plaintiff's counsel's conflict due to vacation plans, and requesting that the trial court reset the motion for hearing at a later date. Consequently, the first hearing date for the motion for summary judgment of November 9, 2015, was continued by the trial court and reset for December 7, 2015.

On November 20, 2015, Mr. Dunn filed a second motion to continue, seeking a continuance of the December 7, 2015 fixing on Defendants' motion for summary judgment. Therein, Plaintiff's counsel averred that he "received the signed Motion and Order for Continuance and to Reset Motion for Hearing after he left for vacation[.]" Again, counsel's trip out of the country, as well as the need for Dr. Robichaux's deposition, were asserted as grounds for the continuance.

3

Dr. Robichaux and Mid-Louisiana opposed a continuance of the December 7, 2015 hearing date and disputed the recited efforts Plaintiff's counsel had purportedly made to schedule Dr. Robichaux's deposition. Mr. Dunn's attorney asserted that his office had emailed defense counsel requesting dates for the deposition of Dr. Robichaux. Dr. Robichaux and Mid-Louisiana's attorney countered that the email was not received by him. From the record, it appears that the emails were actually exchanged between the legal assistants and that there had been a change in defense counsel's office staff. Regardless, after the filing of Defendants' motion for summary judgment, Plaintiff's counsel again requested available dates for Dr. Robichaux's deposition. While Plaintiff's counsel was out of the country, dates were provided by Defendants' counsel for Dr. Robichaux's deposition; however, the dates offered were before Plaintiff's counsel was due to return to Louisiana. The proposed dates that were chosen and suggested were done so because Dr. Robichaux, who then resided in New Mexico, would be in Louisiana during that time.

The trial court ultimately signed an order on December 3, 2015, with the decretal language, "**ORDERED, ADJUDGED, AND DECREED** that [P]laintiff's [m]otion for [c]ontinuance on Defendant[s'] [m]otion for [s]ummary [j]udgment [h]earing is hereby set for 9:30 a.m. . . . on the 1st day of February, 2016." This order was attached to Plaintiff's motion to continue. Perhaps inadvertently, the order submitted and signed by the trial court did not continue the December 7, 2015 date for the summary judgment hearing. A careful reading of the decretal language in the order clearly reveals that only the motion for continuance was set for hearing with no ruling relative to Defendants' motion for summary judgment. **The effect of the trial court's December 3, 2015 order was**

4

**to set a hearing date on Mr. Dunn's motion to continue at a time subsequent to the date the motion for summary judgment was actually to be heard.** This scheduling error resulted in subsequent procedural flaws evident in the record.[2]

The transcript of the December 7, 2015 hearing on Defendants' motion for summary judgment reflects the trial court's admission that in setting the hearing on the continuance for February 1, 2016, after the scheduled hearing on the motion for summary judgment, it "messed that up." At the hearing of December 7, 2015, counsel for Defendants discussed the prior orders signed by the trial court. The transcript also reflects that counsel for the Plaintiff did not appear in court on this date, being under the impression that his request for a continuance of the hearing on the motion for summary judgment had been granted. In open court, and in the absence of Plaintiff's counsel, the trial court agreed to continue the summary judgment hearing and have it reset for February 1, 2016. The intended result of having both Mr. Dunn's motion to continue and Dr. Robichaux and Mid-Louisiana's motion for summary judgment set for hearing on February 1, 2016, was procedurally flawed. We find that Mr. Dunn, who remained adamant that he needed to depose the now out-of-state Defendant, Dr. Robichaux, was entitled to a ruling from the trial court on his continuance **prior** to the date of the summary judgment hearing.

---

[2]The confusion surrounding this December 3, 2015 order is evident as recently as the filing of briefs to this court. In brief, Mr. Dunn includes as a fact pertinent to this case: "Plaintiff received a signed Order and notice from the [trial] court granting his [m]otion to [c]ontinue the December 7, 2015[] hearing and setting [D]efendants' [m]otion for [s]ummary [j]udgment hearing for February 1, 2016[.]" Mr. Dunn further alleges in his recitation of pertinent facts that: "At the hearing of February 1, 2016, [the trial court] verbally denied [P]laintiff's [m]otion for [c]ontinuance and granted [D]efendants' [m]otion for [s]ummary [j]udgment, although he had already granted Plaintiff's [m]otion for [c]ontinuance by a signed Order on December [3], 2015[.]" These statements are incorrect.

Although the trial court orally ruled on December 7, 2015, that the summary judgment hearing would be continued to February 1, 2016, the trial court agreed to sign an order stating that the introduction of new evidence would not be allowed between December 7, 2015 and February 1, 2016. By ruling to seal the evidence as of December 7, 2015, and in not allowing Mr. Dunn to introduce evidence in opposition to Defendants' motion for summary judgment, the trial court's grant of the continuance was effectively nullified. On the one hand, Mr. Dunn was successful in having his continuance granted; on the other hand, it could achieve no purpose, since any effort by Mr. Dunn to introduce evidence in opposition to the motion for summary judgment would be denied and thus futile.

The record evidences additional problematic procedural issues. Following the proceedings that transpired in open court on December 7, 2015, there was never a valid judgment memorializing the oral rulings of the trial court. Thus, although Dr. Robichaux and Mid-Louisiana devote discussion in their brief to this court urging that Mr. Dunn "abandoned, for purposes of appeal, the trial court's December 7, 2015 Order rendered in open court," we find what transpired on December 7, 2015, to be critical. Moreover, we find the absence of a valid judgment and concomitant order resetting Defendants' motion for summary judgment for February 1, 2016, to be determinative of the resolution of the matters before us.[3]

---

[3]Numerous times in brief to this court, defense counsel references the December 7, 2015 "Order" of the trial court and urges this court to not consider any purported error of the trial court relative to the December hearing due to the failure of Plaintiff's counsel to raise this as an issue. However, defense counsel was aware that a formal judgment had not been signed by the trial court following the December 7, 2015 hearing. **This awareness is evidenced by defense counsel's own submission of a judgment to the trial court which was signed on April 11, 2016, four months after the hearing date, two months after the hearing on the motion for summary judgment, weeks after Mr. Dunn sought supervisory writs, and after an appeal had been taken on March 16, 2016.** In fact, according to the certificate of service dated April 13, 2016, and attached to defense counsel's brief to this court, that judgment was submitted to

Following the December 7, 2015 hearing, and somewhat perplexingly, despite the sealing of the evidence, Dr. Robichaux's deposition was taken on January 12, 2016. Also on January 12, 2016, Mr. Dunn filed a third motion to continue. The content of that motion recites that the summary judgment was set for November 9, 2015, continued to December 7, 2015, "and continued again to February 1, 2016[.]" In this motion, the deposition of Dr. Robichaux is noted as being scheduled for January 12, 2016, and it is asserted that "a February 1, 2016[] hearing date will not provide [P]laintiff's counsel, and his expert, enough time to prepare his opposition, which would be due on January 15, 2016, or January 18, 2016, at the latest." Mr. Dunn requested a continuance "until a later date so [P]laintiff's counsel has time after he receives the transcript of Dr. Robichaux's deposition to send all the information to his expert to prepare a proper defense, i.e. [an] [a]ffidavit, for his client, Mr. Dunn." Defendants opposed the continuance and filed a brief in opposition.

On January 15, 2016, despite the oral ruling of the trial court on December 7, 2015, Mr. Dunn filed a memorandum in opposition to Defendants' motion for summary judgment, noting therein that the deposition of Dr. Robichaux had been taken but not transcribed, and thus not provided. Attached to his memorandum in opposition were Christus Cabrini Surgery Center medical records of Mr. Dunn,

---

the trial court two days before the filing of his opposition brief; yet, defense counsel attached to his brief a copy of an unsigned judgment which purported to reset the hearing on the summary judgment for February 1, 2016, and to seal the evidence as of December 7, 2015, when no such judgment was signed by the trial court until April 11, 2016. Without question, the April 11, 2016 judgment is null, void, and without any legal effect, as the trial court had no jurisdiction over the matter as of March 16, 2016, the date the appeal order was signed. La.Code Civ.P. art. 2088.

7

medical records from Dr. Brian Murphy,[4] and an affidavit of Dr. Mark A. Lovich[5] as exhibits.

On February 1, 2016, counsel for both parties appeared before the trial court. On that date, the trial court denied Mr. Dunn's motion to continue, found "that the evidence that was submitted on the [m]otion for [s]ummary [j]udgment on December 7, 2015[,] will be the only evidence considered by the [c]ourt," and granted the motion for summary judgment filed by Dr. Robichaux and Mid-Louisiana. The trial court then signed a concomitant judgment on February 11, 2016.[6]

In brief to this court, Mr. Dunn argues "[t]he trial court erred by denying Plaintiff's [m]otion for [c]ontinuance and not allowing [P]laintiff 'adequate discovery' as allowed under Code of Civil Procedure [A]rticle 966[(C)](1), in a lawsuit that was less [than] a year old." Arguably, considering the facts of this case, he is correct that he did not have the opportunity for adequate discovery. However, we find the events of December 7, 2015, to be determinative of the resolution of these consolidated matters before the court.

The order of the trial court dated December 3, 2015, which was drafted by Mr. Dunn's counsel, was inartfully drafted. As written, all the order accomplished was the setting of Mr. Dunn's motion to continue for hearing on February 1, 2016, and failed to reset Defendants' motion for summary judgment. As noted above, it is nonsensical that the hearing on Defendants' motion for summary judgment

---

[4]Dr. Murphy is the physician who diagnosed Mr. Dunn with an ulnar nerve injury that Mr. Dunn contends was caused by Defendants' malpractice.

[5]Dr. Lovich is Mr. Dunn's medical expert.

[6]This judgment erroneously stated the matter came before the court on December 7, 2015.

8

remained set for December 7, 2015, while the hearing on Mr. Dunn's motion to continue was scheduled subsequent thereto, on February 1, 2016. That procedural error is recognized, but what is critical is that there was no valid judgment or order of the trial court signed following the hearing on December 7, 2015, resetting Defendants' motion for summary judgment for hearing.

It is obvious that both parties had knowledge of a hearing date on February 1, 2016, as memoranda were filed, oppositions were filed, and counsel for both parties appeared. **Yet, the only matter which was actually set for that date was Mr. Dunn's motion to continue.** Because there was never a valid judgment or order signed after the December 7, 2015 hearing, Dr. Robichaux and Mid-Louisiana's motion for summary judgment was never reset for hearing on February 1, 2016, or any other date. Based upon the record, as a result of the December 3, 2015 order, what was before the trial court on February 1, 2016, was only Mr. Dunn's motion for continuance. Ironically, and erroneously, when the trial court denied Mr. Dunn's third motion for continuance filed on January 12, 2016, it declined to continue a hearing on the motion for summary judgment that had never been reset. In fact, there was no matter to be continued at that juncture despite the mistaken belief of both parties and the trial court.

Based upon the record, Dr. Robichaux and Mid-Louisiana's motion for summary judgment filed on September 23, 2015, was set for hearing and continued on two occasions. After December 7, 2015, it was never reset for hearing and was not properly before the trial court on February 1, 2016. Mr. Dunn's motion to continue, which was denied by the trial court on February 1, 2016, was without effect, as there was actually no hearing to be continued. For these reasons, we reverse the trial court's denial of Mr. Dunn's motion to

9

continue; and, without reaching the substantive merits of Defendants' motion for summary judgment due to the existing procedural defects, we reverse the trial court's grant of Dr. Robichaux and Mid-Louisiana's motion for summary judgment; and, we remand the matter for further proceedings consistent with this opinion.

## DECREE

For the reasons set forth herein, the trial court judgment denying Jason Dunn's motion to continue is reversed; the trial court judgment granting summary judgment in favor of Dr. Francis X. Robichaux and Mid-Louisiana Anesthesia Consultants, APMC, is likewise reversed; and, this matter is remanded to the trial court for further proceedings consistent with this opinion. Costs of this appeal are assessed to Dr. Francis X. Robichaux and Mid-Louisiana Anesthesia Consultants, APMC.

**REVERSED AND REMANDED.**